# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: August 1, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| URSULA REHFELD, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-1048V |
| v. | * | |
| | * | Special Master Gowen |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' Fees and Costs; |
| | * | Interim; Special Master's |
| Respondent. | * | Discretion; Expert Hourly |
| | * | Rate. |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

<u>Robert Hanreck</u>, The Law Offices of Robert J. Hanreck, P.A., for petitioner.
<u>Amy Kokot</u>, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

      On August 24, 2016, Urusla Rehfeld ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.* (the "Vaccine Act").[2] Petitioner alleged that a combined tetanus-diphtheria-acellular pertussis and inactivated polio vaccine ("Repevax") she received on August 28, 2013, caused her "significant injuries including but not restricted to anaphylactic shock, anaphylactic reactions, shock-collapse, nervous system disorders, atrial fibrillation, weakness, fatigue, headaches, gastrointestinal disorders, and diarrhea." Petition at ¶¶ 4-5 (ECF No. 1). Petitioner has filed two expert reports from Dr. Bernard Michlin in support of her claim. ECF Nos. 48 & 52.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website can be accessed at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id*. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## I. Procedural History

On April 6, 2018, petitioner filed a motion for interim attorneys' fees and costs. Petitioner's Motion ("Pet. Mot."), ECF No. 57. Petitioner requested a total of $39,667.00 as reimbursement for work performed by counsel on her case and $165.03 in costs incurred by counsel thus far in this matter. Pet. Motion at ¶¶ 7-8. On May 2, 2018, petitioner filed a supplemental exhibit to her motion requesting an additional $1,604.75 in expert costs not included in her Motion. ECF No. 60. Thus, petitioner requested $39,667.00 in reimbursement for attorneys' fees and $1,769.78 in reimbursement for attorneys' costs.

Additionally, petitioner filed a statement pursuant to General Order #9 stating that she has incurred $1,088.00 in costs and has paid her counsel a $3,000.00 retainer in pursuit of this claim. ECF No. 58. Thus, petitioner requested a total of $4,088.00 as reimbursement of her own out-of-pocket expenses. **Petitioner's total request for reimbursement of interim fees and costs is $45,524.78.**

On April 20, 2018, respondent filed a response to petitioner's motion. Respondent's Response, ECF No. 59. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 2. Further, respondent "defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim costs award," but that with that exception, he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 4.

Petitioner has not filed a reply. This matter is now ripe for adjudication.

## II. Discussion

The special master may, in the exercise of his or her discretion, grant an interim award of reasonable attorneys' fees and costs if the special master finds that the petitioner brought his or her petition in good faith and with a reasonable basis. § 300aa-15(e)(1); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs, *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd,* 33 F.3d 1375 (Fed. Cir. 1994), and may increase or reduce the initial fee award calculation based on specific findings. *Avera*, 515 F.3d at 1348.

In *Avera,* the Federal Circuit stated, "Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. In *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.

In making reductions, a line-by-line evaluation of the fee application is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. at 484, *rev'd on other grounds and aff'd in*

2

*relevant part*, 988 F.2d 131 (Fed. Cir. 1993).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  *Id.*  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1521 (Fed. Cir. 1993).

The present case has been pending before the Program since 2016 and petitioner has since submitted two expert reports in support of her claim.  In addition, petitioner's counsel has spent a considerable amount of time researching and briefing petitioner's eligibility for the Program, due to the threshold residency requirement of the statute.  I find that there exists a good faith basis for the claim and that petitioner is thus entitled to a reasonable award of interim fees and costs.

    **a. Reasonable Attorneys' Fees**

        **i. Requested Hourly Rates**

Petitioner requested compensation for her attorneys, Mr. Robert Hanreck, Ms. Michelle Williams, and Mr. Andreas Baerlin.  Pet. Mot. at  ¶ 8.  Mr. Hanreck requested a rate of $350.00 per hour for work performed in this case; Ms. Williams requested a rate of $350.00 per hour; and Mr. Baerlin also requested a rate of $350.00 per hour.  In addition to her attorneys, petitioner also seeks compensation for paralegals who worked on her case at a requested rate of $80.00 per hour.

Mr. Hanreck has been licensed to practice law in Florida for seventeen years, and this is his first case in the Program.  Pet. Mot., Exhibit 4 at ¶ 3.1.  His requested hourly rate of $350.00 per hour is within the range provided in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, *16 (Fed. Cl. Spec. Mstr. Oct. 18, 2016), and the Office of Special Masters' Fee Schedules ("Fee Schedule") for an attorney of his experience.[3]  Thus, I will award his requested rate in full.

Ms. Williams has been licensed to practice law in Florida for sixteen years, and this is her first case in the Program.   Pet. Mot., Exhibit 4 at ¶ 3.3.  Her requested hourly rate of $350.00 per hour is also within the *McCulloch* range for an attorney of her experience and will thus be awarded in full.

Mr. Baerlin has been licensed to practice law in Florida for eight years, and this is his first case in the program.  Pet. Mot., Exhibit 3 at ¶ 3.1.  His requested rate of $350.00 is within the range provided in *McCulloch*, but it is high for an attorney with no prior experience in the Program.  However, Mr. Baerlin has also been licensed to practice law in Germany for twenty-seven years.  *Id.* at ¶ 3.2.  I will credit his experience as an attorney in Germany to justify receiving the higher rates within the range for an attorney with eight years of experience.  Thus, I will award his requested hourly rate in full.

---

[3] *See OSM Attorneys' Forum Hourly Rate Fee Schedules*, available at http://www.uscfc.uscourts.gov/node/2914 (last accessed July 23, 2018).

### ii. Requested Hours

The second factor in the lodestar formula is a reasonable number hours expended. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Shorkey v. Sec'y of Health and Human Servs., No. 15-768C, 2017 WL 2119118 (Fed. Cl. Spec. Mstr. April 21, 2017); Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

I have reviewed the billing records submitted with petitioner's motion. The billing entries reflect the nature of each task performed, the amount of time expended, and the person performing each task. I find that the hours expended are overall reasonable, with the exception of one hour of travel time that Mr. Baerlin billed at a full hourly rate. *See* Pet. Mot., Exhibit 5 at 1.

It is well-established that hours spent travelling are compensated at one-half of counsel's billing rate, unless he or she documents that he or she was working while travelling. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684 (Fed. Cl. Spec. Mstr. June 4, 2014) (awarding petitioner one-half the normal hourly rate for travel when petitioner's counsel did not assert that he worked on the case during travel); *see also Kuttner v. Sec'y of Health & Human Servs.*, No. 06-195V, 2009 WL 256447 (Fed. Cl. Spec. Mstr. Jan. 16, 2009) (stating that counsel will be awarded one-half his hourly rate for travel, but can be compensated fully if he can establish how much time was devoted to working while travelling).

Mr. Baerlin did not document that he was working while traveling. Thus, I will reduce his hourly rate for the time he spent traveling by one-half, **resulting in a reduction of $177.50**.

### b. Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs,.* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requested reimbursement for $1,769.78 in costs incurred by counsel. Most of the costs are related to retaining and reimbursing her expert, Dr. Bernard Michlin, collecting and translating medical records, and photocopying. *See generally* Pet. Mot., Exs. 1-2, 7. I have reviewed the invoices submitted by counsel and find them overall to be reasonable, with the exception of the hourly rate requested for Dr. Michlin.

Dr. Michlin requested a rate of $500.00 per hour for time spent researching the case and writing an expert report, and a rate of $750.00 per hour for time spent on telephone calls. Supplemental Exhibit 8 at 1, ECF No. 60. The requested rates are higher than are typically awarded in this Program. I am aware that the hourly rates awarded in the Program are not as high as the rates billed in some civil cases, in part because expert testimony in the Program serves a public purpose. An expert is typically awarded one hourly rate for all work performed in a case. An expert's hourly rate depends on a host of factors including the expert's credentials, his or her experience in the Vaccine Program, and the quality of the work performed. To date, special masters have not awarded more than $500.00 per hour to highly qualified specialists in such fields as neurology, neuro-immunology, pediatrics, immunology, pathology, and rheumatology. This maximum rate is generally reserved for experts who are exceptionally well-qualified, have

developed experience in the Vaccine Program, and who have provided thorough and detailed analyses.

Dr. Michlin is an Internist at his private practice, and a Medical Director and Principal Investigator at Wetlin Research Associates in San Diego, California. Expert Report of Bernard A. Michlin, M.D., at 3, ECF No. 48. This case is the first time Dr. Michlin has testified in the Program. He first authored an expert report in support of petitioner on December 29, 2017. ECF No. 48. The report was brief and did not address the causation factors from *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005), including how petitioner will establish: (1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a proximate temporal relationship between vaccination and injury. Dr. Michlin did not describe a mechanism by which the vaccine could cause petitioner's symptoms, nor did he connect petitioner's initial anaphylactic reaction to her prolonged diarrhea, which is necessary to satisfy the severity requirement of 42 U.S.C. § 300aa-11(c)(1)(D)(i).

I held a status conference on February 15, 2018, to discuss Dr. Michlin's report with petitioner's counsel. Petitioner was thereafter ordered to file a supplemental expert report explaining the theory of vaccine causation and the mechanism by which the vaccine could cause petitioner's initial anaphylactic reaction and subsequent persistent diarrhea under the *Althen* prongs. Order issued February 21, 2018, ECF No. 51. Petitioner filed the supplemental expert report on March 16, 2018. ECF No. 52.

Based on the above, I will decline to award Dr. Michlin his requested hourly rates of $500.00 and $750.00. In my experience and judgement, a more appropriate hourly range for Dr. Michlin is $400.00 per hour for work performed, based on his credentials, his lack of experience in the Program, and the analysis provided in his expert reports filed to date. I will thus award Dr. Michlin a rate of $400.00 per hour for work performed on this case, **resulting in a reduction of $500.35**.

Petitioner also requested $4,088.00 as reimbursement for her own out-of-pocket expenses. General Order # 9 Statement. Petitioner incurred $1,088.00 in relation to translating her medical records. *Id.* at ¶ 1. Petitioner also paid $3,000.00 as a retainer to Mr. Hanreck, which was used to obtain medical records and to retain Dr. Michlin. *Id.* at ¶¶ 2-3. The use of the term "retainer" caused some discussion of this motion. Retainers for fees are generally not permitted, as the Court will award attorneys' fees for petitions brought in good faith and with a reasonable basis. Despite the use of the term "retainer," it does appear that all funds posted by petitioner were used to pay costs. Accordingly, the fees and costs are approved in accord with this opinion, but counsel is cautioned that he should not charge any additional "retainer" or costs, as these are filed as costs of the case. Additionally, petitioner's counsel should promptly file a copy of his fee agreement with petitioner for review by the Court.

### III.    Conclusion

In accordance with the foregoing, petitioner's interim motion for attorneys' fees and costs is **GRANTED**.  I find that petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

**Attorneys' Fees**
| | |
|---|---:|
| Requested attorneys' fees | $39,667.00 |
| Travel time reduction | - 177.50 |
| **Attorneys' Fees Awarded** | **$39,489.50** |

**Costs**
| | |
|---|---:|
| Requested attorneys' costs | $1,769.78 |
| Expert rate reduction | - 500.35 |
| **Attorneys' Costs Awarded** | **$1,269.43** |

**Petitioner's Out-of-Pocket Costs Awarded**                                           $4,088.00

**Total Attorneys' Fees and Costs Awarded**                                           **$44,846.93**

**Accordingly, I award the following:**

1) **A lump sum in the amount of $44.846.93, representing reimbursement for petitioner's interim attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Robert Hanreck of Robert Hanreck, P.A.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[4]

**IT IS SO ORDERED.**

                                            **s/Thomas L. Gowen**
                                              Thomas L. Gowen
                                              Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.