# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: January 19, 2021

```
* * * * * * * * * * * *
URSULA REHFELD              *       Unpublished
                            *
         Petitioner,        *       No. 16-1048V
                            *
v.                          *       Special Master Gowen
                            *
SECRETARY OF HEALTH         *       Attorneys' Fees and Costs;
AND HUMAN SERVICES,         *       Dismissal.
                            *
         Respondent.        *
* * * * * * * * * * * *
```

*Robert Hanreck,* Robert J. Hanreck, P.A., for petitioner.
*Catherine E. Stolar,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 16, 2020, Ursula Rehfeld ("petitioner"), filed a motion for attorneys' fees and costs. Petitioner's Second Motion for Interim Attorneys' Fees-Updated ("Fees App.") (ECF No. 107).[2] For the reasons discussed below, I **GRANT** petitioner's motion for attorneys' fees and costs and award a total of $**36,575.42**.

### I.      Procedural History

On August 24, 2016, Urusla Rehfeld ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.* (the "Vaccine Act").[3] Petitioner alleged that a combined tetanus-diphtheria-acellular pertussis and

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website can be accessed at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] As a result of the petition being dismissed on November 24, 2020, petitioner's application for interim attorneys' fees and costs will be treated as her a request for final attorneys' fees and costs. *See* Decision (ECF No. 110).

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

inactivated polio vaccine ("Repevax") she received on August 28, 2013, caused her "significant injuries including but not restricted to anaphylactic shock, anaphylactic reactions, shock-collapse, nervous system disorders, atrial fibrillation, weakness, fatigue, headaches, gastrointestinal disorders, and diarrhea." Petition at ¶¶ 4-5 (ECF No. 1).

I previously had granted interim attorneys' fees and costs to petitioner's counsel on August 1, 2018. Decision on Interim Attorneys' Fees and Costs (ECF No. 69). On October 2, 2018, I issued a Rule 5 Order, directing petitioner to file an additional expert report. Rule 5 Order (ECF No. 75). Petitioner file an expert report from Dr. Joseph A. Bellanti on December 28, 2018. Petitioner's Exhibit ("Pet. Ex.") 40 (ECF No. 77). Petitioner filed updated medical records on March 4, 2019.

I held another status conference in this case on March 5, 2019. During this status conference, I raised concern that petitioner would be unable to connect her ongoing heart condition to her alleged vaccine injury. Scheduling Order (ECF No. 80). I ordered petitioner to file additional evidence or expert reports relating petitioner's present condition with her vaccine injury. *Id.* On April 12, 2019, petitioner filed a supplemental expert report from Dr. Bellanti. Pet. Ex. 59.

On August 7, 2019, respondent filed a supplemental expert report. Respondent Exhibit ("Resp. Ex.) I. Another status conference was held in this case on January 14, 2020. Scheduling Order (ECF No. 92). During this status conference, I raised the issue that petitioner may not be able to establish that she had six months residual symptoms following her initial reaction to the vaccine and that it would be difficult for her to establish the relationship between her current cardiac condition to the initial reaction, without additional evidence. *Id.* at 2.

On November 13, 2020, petitioner's counsel filed a motion to withdraw as attorney of record. Pet. Motion to Withdraw (ECF No. 106). I held another status conference on November 17, 2020, where petitioner, petitioner's counsel and respondent's counsel participated. Scheduling Order (ECF No. 108). When I explained the difficulties with the case to the petitioner, she understood my explanation and agreed to dismiss her petition. I ordered petitioner to file the appropriate motion to dismiss her petition. *Id.* On March 24, 2020, petitioner filed a motion to dismiss her petition. Pet. Mot. (ECF No. 109). Petitioner's motion was granted, and I entered a decision dismissing her petition for insufficient proof. Decision (ECF No. 110).

Prior to the petition being dismissed, petitioner filed an updated motion for interim fees. Fees App. Petitioner is requesting $22,541.00 in attorneys' fees and $13,793.65 in attorneys' costs. Fees App. at 3-4.

On November 30, 2020, respondent filed an updated response to petitioner's motion for attorneys' fees and costs. Resp. Response to Pet. Mot. (ECF No. 111). In the updated response to petitioner's motion, respondent stated, "In this case, respondent defers to the special master to determine whether or not petitioner has met the legal standard for an interim fees and costs award….respondent also defers to the special master regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp. Response at

inactivated polio vaccine ("Repevax") she received on August 28, 2013, caused her "significant injuries including but not restricted to anaphylactic shock, anaphylactic reactions, shock-collapse, nervous system disorders, atrial fibrillation, weakness, fatigue, headaches, gastrointestinal disorders, and diarrhea." Petition at ¶¶ 4-5 (ECF No. 1).

I previously had granted interim attorneys' fees and costs to petitioner's counsel on August 1, 2018. Decision on Interim Attorneys' Fees and Costs (ECF No. 69). On October 2, 2018, I issued a Rule 5 Order, directing petitioner to file an additional expert report. Rule 5 Order (ECF No. 75). Petitioner file an expert report from Dr. Joseph A. Bellanti on December 28, 2018. Petitioner's Exhibit ("Pet. Ex.") 40 (ECF No. 77). Petitioner filed updated medical records on March 4, 2019.

I held another status conference in this case on March 5, 2019. During this status conference, I raised concern that petitioner would be unable to connect her ongoing heart condition to her alleged vaccine injury. Scheduling Order (ECF No. 80). I ordered petitioner to file additional evidence or expert reports relating petitioner's present condition with her vaccine injury. *Id.* On April 12, 2019, petitioner filed a supplemental expert report from Dr. Bellanti. Pet. Ex. 59.

On August 7, 2019, respondent filed a supplemental expert report. Respondent Exhibit ("Resp. Ex.) I. Another status conference was held in this case on January 14, 2020. Scheduling Order (ECF No. 92). During this status conference, I raised the issue that petitioner may not be able to establish that she had six months residual symptoms following her initial reaction to the vaccine and that it would be difficult for her to establish the relationship between her current cardiac condition to the initial reaction, without additional evidence. *Id.* at 2.

On November 13, 2020, petitioner's counsel filed a motion to withdraw as attorney of record. Pet. Motion to Withdraw (ECF No. 106). I held another status conference on November 17, 2020, where petitioner, petitioner's counsel and respondent's counsel participated. Scheduling Order (ECF No. 108). When I explained the difficulties with the case to the petitioner, she understood my explanation and agreed to dismiss her petition. I ordered petitioner to file the appropriate motion to dismiss her petition. *Id.* On March 24, 2020, petitioner filed a motion to dismiss her petition. Pet. Mot. (ECF No. 109). Petitioner's motion was granted, and I entered a decision dismissing her petition for insufficient proof. Decision (ECF No. 110).

Prior to the petition being dismissed, petitioner filed an updated motion for interim fees. Fees App. Petitioner is requesting $22,541.00 in attorneys' fees and $13,793.65 in attorneys' costs. Fees App. at 3-4.

On November 30, 2020, respondent filed an updated response to petitioner's motion for attorneys' fees and costs. Resp. Response to Pet. Mot. (ECF No. 111). In the updated response to petitioner's motion, respondent stated, "In this case, respondent defers to the special master to determine whether or not petitioner has met the legal standard for an interim fees and costs award….respondent also defers to the special master regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp. Response at

2. Respondent concluded, "…..therefore, respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

This matter is now ripe for adjudication.

## II.     Legal Standard

Under Section 15(e) of the Vaccine Act, a special master "may" award reasonable attorneys' fees and costs "if the special master determines that the petition was brought in good faith and there was a reasonable basis for which the petition was brought" even when a petition does not result in compensation for petitioner. 42 U.S.C. §300aa-15(e).

"Good faith" and "reasonable basis" are two distinct requirements. *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (citing *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 289 (2014)). "Good faith" is a subjective test, satisfied through subjective evidence. *Cottingham v. Sec'y of Health & Human Servs.,* 971 F.3d 1337 (2020). The "good faith" requirement is satisfied if a petitioner genuinely believes that he or she suffered a compensable vaccine-related injury. *See Riley v. Sec'y of Health & Human Servs.,* No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011); *Turner v. Sec'y of Health & Human Servs.,* No. 99-554, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).

Reasonable basis, on the other hand is an objective test, satisfied through objective evidence. *Cottingham,* 971 F. 3d at 1344 (citing *Simmons,* 875 F.3d at 635). This evaluation may include various objective factors such as "the factual basis of the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289-90 (2018). However, a Special Master may not consider subjective evidence, such as attorney conduct and a looming statute of limitations in a reasonable basis analysis. *Cottingham* at 1345. "[I]n deciding reasonable basis the Special Master needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Human Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Medical records can support causation even where the records provide only circumstantial evidence of causation. *Harding v. Sec'y of Health & Human Servs.,* 146 Fed. Cl. 381, 403 (Fed. Cl. 2019). A petitioner must furnish some evidence in support of the claim. *Bekiaris v. Sec'y of Health & Human Servs.*, 140 Fed. Cl. 108, 115 (2018) (reasoning that the petitioner must "adduce medical evidence going to causation beyond temporal proximity"). The burden of proof to establish reasonable basis for attorney fees, however, is lower than the preponderant evidence standard required to prove entitlement to compensation. *Cottingham* at 1346 (citing *Chuisano,* 116 F. Cl. at 287). More than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis. *Id.*

The Vaccine Act permits an award of "reasonable" attorneys' fees and costs. §300aa-15(e)(1). The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.,* 515 F. 3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first

determines the reasonable hourly rate, which is then applied to the number of hours reasonable expended on the litigation.  *Id.* at 1347-58 (citing *Blum v. Stenson,* 465 U.S. 886, 888 (1984)).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993).  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id*. at 484 n.1.  The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent.  *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).  Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required.  *Wasson*, 24 Cl. Ct., *aff'd in relevant part*, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

### III. Analysis

#### a. Good Faith and Reasonable Basis

Petitioner alleges that as a result of receiving the Repevax vaccination on August 28, 2013, she suffered anaphylactic shock/reactions, nervous system disorders, atrial fibrillation, gastrointestinal disorders and diarrhea.  Petition at ¶ 5. The medical records clearly document that petitioner experienced a reaction immediately after receiving the vaccination on August 28, 2013.  Pet. Ex. 1 at 5, 21.  Petitioner obtained expert reports from a family physician and an immunologist.  I do not doubt petitioner's good faith or reasonable basis for this bringing this claim.  Although, she ultimately was not successful, petitioner filed sufficient objective evidence to support her claim, including proof of vaccination, medical records and expert opinions.  Additionally, respondent did not contest reasonable basis.  Accordingly, a final award for attorneys' fees and costs in this matter is appropriate.

#### b. Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Avera,* 515 F. 3d at 1348.  In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney."  *Rodriquez v. Sec'y of Health & Human Servs.,* 632 F.3dd 1381, 1384 (Fed. Cir. 2011) (citing *Avera,* 515 F. 3d at 1349).

Petitioner requested for her attorneys, Mr. Robert Hanreck, Ms. Michelle Williams, and Mr. Andreas Baerlin.  Fees App. at 3.  Mr. Hanreck requested a rate of $350.00 per hour for work performed in this case; Ms. Williams requested a rate of $350.00 per hour; and Mr. Baerlin also requested a rate of $350.00 per hour.  In addition to her attorneys, petitioner also seeks compensation for paralegals who worked on her case at a requested rate of $80.00 per hour.  *Id.*

4

I previously awarded these rates to petitioner's counsel in interim fees and will do the same in this instance. Thus, I will award the requested hourly rates for the attorneys in full.

### c. Hours Reasonable Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Petitioner requests a total of $22,541.00 in attorneys' fees incurred from April 8, 2018 to November 11, 2020. I reviewed the billing entries and find that the overall hours spent on this matter to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, petitioner is entitled to final attorneys' fees of **$22,541.00.**

### d. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of attorneys' costs in the amount of $13,793.65. Fees App. at 4. These costs consist of acquiring medical records, postage, work performed by petitioner's expert, Dr. Joseph Bellanti, translation services and requesting an additional expert, Dr. Gerswhin to review petitioner's case. *Id.* The majority of these costs are associated with petitioner's expert, Dr. Joseph Bellanti. Petitioner is requesting reimbursement of $11,000.00 for services rendered by Dr. Bellanti. Dr. Bellanti charged $500.00 per hour for his services. Additionally, Dr. Bellanti provided two expert reports in this case. Even though this case was ultimately dismissed, filing these reports was reasonable. Concerning the remaining costs, petitioner has provided adequate supporting documentation for all the costs, and they appear to be reasonable upon review. Accordingly, petitioner is awarded the full amount of attorneys' costs of **$14,034.42.**

### IV. Conclusion

In accordance with the above, petitioner's motion for attorneys' fees and costs is **GRANTED.** I find that petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested: | $22,541.00 |
| (Reduction of Fees) | ---- |
| **Total Attorneys' Fees Awarded:** | **$22,541.00** |
| | |
| Attorneys' Costs Requested: | $14,034.42 |
| (Reduction of Costs) | ----- |
| **Total Attorneys' Costs Awarded:** | **$14,034.42** |

**Total Attorneys' Fees and Costs:     $36,575.42**

**Accordingly, I award a lump sum in the amount of $36,575.42, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Robert Hanreck.[4]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Thomas L. Gowen<br>
Thomas L. Gowen<br>
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).